# FOR PUBLICATION

FILED & ENTERED

MAY 07 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT B. DALEY<br>LYNNE T. DALEY<br><br>                    Debtors. | Case No.:  1:13-bk-12342-MB<br><br>Chapter 7<br><br>Adv. No:  1:15-ap-01037-MB<br><br><br>**ORDER DENYING MOTION TO STRIKE JURY DEMAND OF ROBERT B. DALEY, CPA INC.** |
| DAVID  SEROR<br><br>                    Plaintiff,<br><br>     v.<br><br><br>ROBERT B. DALEY, CPA INC., A PROFESSIONAL CORPORATION; ROBERT B. DALEY, AND LYNNE T. DALEY,<br><br><br>                    Defendants. | |

1

2

3

4

   Plaintiff David Seror (the "Trustee"), trustee in the joint chapter 7 cases of Robert B. Daley and Lynne T. Daley (the "Debtors"), moves to strike the jury demand ("Jury Demand") of Defendant Robert B. Daley, CPA Inc. ("CPA Inc.") in the above-captioned adversary proceeding (the "Motion"). CPA Inc. opposes the motion.[1]   The Court heard argument on the Motion on April 4, 2018. The Court has considered the pleadings filed in support of and in opposition to the Motion, and the arguments of counsel.

5

6

7

   Based thereon, and for the reasons set forth below, the Court denies the Trustee's request to strike the Jury Demand of CPA Inc., acknowledges that CPA Inc. has consented to a jury trial and entry of final judgment on the claims against it in this Court, and fixes May 21, 2018 as the deadline for the Trustee to file and serve a written statement indicating whether the Trustee consents to a jury trial on those claims.

8

9

10

11

   The issue presented by the Motion is whether a timely jury trial demand should be enforced when it complies with the requirements of Federal Rule of Civil Procedure ("FRCP") 38(b), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9015, but does not comply with Local Bankruptcy Rule 9015-2(b)(2). This local rule requires that a jury demand contain a statement indicating whether the party demanding a jury trial does or does not consent to such trial being held in the bankruptcy court.

12

   In relevant part, FRCP 38 provides as follows:

13

14

   (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.

15

   (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:

16

17

      (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and

18

19

      (2) filing the demand in accordance with Rule 5(d).
      . . .

20

21

   (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

22

Fed. R. Civ. P. 38.

23

24

   FRBP 9015 provides that FRCP 38 is applicable to adversary proceedings. Fed. R. Bankr. P. 9015(a). FRBP 9015 further provides that the parties may consent to the bankruptcy court conducting a jury trial where it is authorized by the district court to do so:

25

26

27

   (b) Consent To Have Trial Conducted by Bankruptcy Judge. If the right to a jury trial applies, a timely demand has been filed pursuant to Rule 38(b) F.R.Civ.P., and the bankruptcy judge has been specially designated to conduct the jury trial, the parties may consent to have a jury trial conducted by a bankruptcy

28

---

[1] CPA Inc.'s co-defendants, the Debtors, did not demand a jury trial on the claims against them.

judge under 28 U.S.C. §157(e) by jointly or separately filing a statement of
consent within any applicable time limits specified by local rule.

Fed. R. Bankr. P. 9015(b).  In the Central District of California, the district court has specially
designated the bankruptcy judges of this Court to conduct jury trials with the express consent of
all parties. *See* General Order 13-05 (July 1, 2013).

In accordance with the foregoing, Local Bankruptcy Rule 9015-2 addresses the making
of a jury trial demand and the manner in which the parties may consent or not consent to a jury
trial in this Court.  In relevant part, the rule provides as follows:

(a) Right to Trial by Jury.

(1) A party claiming a right to trial by jury must make a
demand as specified in subsection (b) of this rule.

(2) Nothing contained in this rule shall be deemed to create
or imply a right to a jury trial where no such right exists under
applicable law.

(b) Demand.

(1) Time and Form of Demand. A party must demand a trial
by jury in accordance with F.R.Civ.P. 38(b).

(2) Statement of Consent. A demand must include a
statement that the party does or does not consent to a jury trial
conducted by the bankruptcy court. Within 14 days of the service of
the demand and statement of consent or non-consent, all other
parties must file and serve a statement of consent or non-consent to
a jury trial conducted by the bankruptcy court.

. . .

(d) Waiver.

(1) The failure of a party to file and serve a demand in
accordance with this rule, and to file it as required by FRBP 5005,
constitutes a waiver of trial by jury.

(2) Notwithstanding the failure of a party to demand a jury
when such a demand might have been made of right, the court on its
own initiative may order a trial by jury of any or all issues.

LBR 9015-2.

On July 8, 2017, CPA Inc. filed its answer ("Answer"), Adv. Dkt. 47, to the Trustee's
first amended complaint (the "FAC"), Adv. Dkt. 42, which is the operative complaint in this
proceeding.  In the Answer, stated: "Pursuant to Federal Rule of Bankruptcy Procedure 9015,
RBD Inc. demands a trial by jury on all issues so triable."  Adv. Dkt. 47 at 6.  CPA Inc.,
however, did not state whether it consents or does not consent to the jury trial being conducted
here in the bankruptcy court.

The Trustee does not contend that the jury demand was untimely, or that the demand otherwise did not comply with the requirements of FRCP 38(b).  The Trustee contends that because the jury demand does not contain the statement required by LBR 9015-2(b)(2) regarding consent, CPA Inc. has waived its right to a jury trial.   *See* LBR 9015-2(d) (jury trial right waived when party fails to file and serve "a demand in accordance with this rule").

Further, the Trustee argues that by failing to include a statement regarding consent in its jury trial demand, CPA Inc. deprived the Trustee of the opportunity to file and serve his own statement regarding whether he consents to a jury trial being conducted in the bankruptcy court. *See* LBR 9015-2(b)(2) (following the filing of a party's statement regarding consent or non-consent to a jury trial before the Court, the other parties have 14 days to file a statement regarding their own consent or non-consent to such a trial).

As a threshold matter, CPA Inc. argues that it did, in fact, consent to this Court conducting the jury trial that CPA Inc. requested.  Specifically, CPA Inc. points to the admission in its Answer,  Adv. Dkt.  47, of the following allegation in the FAC:

> 2.  The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1), and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding uder 28 U.S.C. § 157(b)(1), (2)(A), (H), and/or (O).  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a).  The Trustee consents to final orders or judgment by the Bankruptcy Court.

Adv. Dkt. 42 at ¶ 2.

This argument fails for two reasons.  First, the allegation refers only to consent to the entry of a final order or judgment by the Court.  Although related in some respects, this is a separate issue from the issue of consent for the Court to conduct a jury trial.  Second, even if the allegation included a statement regarding the Trustee's consent to a jury trial in this Court, CPA Inc.'s admission of that allegation would not help.  Such an admission would mean nothing more than that CPA Inc. admits that *the Trustee consents* to a bankruptcy court jury trial.  It would not constitute *consent by CPA Inc.* to such a trial.

Notwithstanding, CPA Inc. argues that the Jury Demand should not be deemed waived under the local rules because it complied with the requirements of FRCP 38(b).  CPA Inc.'s argument is twofold.  First, CPA Inc. argues that the Court may not by local rule add a requirement to a jury trial demand that is not set forth in FRCP 38(b), i.e., the requirement of a statement regarding consent or non-consent.

Second, CPA Inc. argues that if the Court is permitted to add such a requirement, the proper consequence for failing to timely make such a statement should not be the loss of a party's jury trial right, but instead the loss of a party's opportunity to consent to a jury trial *in the bankruptcy court.*  CPA Inc. contends that any interpretation of Local Rule 9015-2(d) waiving its jury trial right under these circumstances would conflict with FRCP 38 and FRBP 9015, and should not be enforced.

The Ninth Circuit Court of Appeals has summarized the authority and limits of bankruptcy court rulemaking:

> As part of the Bankruptcy Code, Congress delegated to the Supreme Court the power to make and enforce general bankruptcy rules. 28 U.S.C. § 2075. Pursuant to this authority, the Supreme Court promulgated Federal Rule of Bankruptcy Procedure 9029 ("Rule 9029"), which grants district courts the power

1
2
3
4

to adopt their own local rules.  Under Rule 9029, however, this power is strictly limited.  Rule 9029 states a local bankruptcy rule must: (1) be consistent with the Acts of Congress and Federal Rules of Bankruptcy Procedure; (2) not be duplicative of the Acts of Congress or Federal Rules of Bankruptcy Procedure; and (3) not limit the use of Official Bankruptcy Forms.  If any of these limits are not observed, the local bankruptcy rule must be held invalid.

5

*Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 784 (9th Cir. 2007) (case citations omitted).

6
7
8
9
10
11

Against this legal backdrop, the undersigned concludes that CPA Inc.'s first argument is without merit.  It is perfectly appropriate for the Court (under the authority of the district court) to adopt a local rule requiring any jury trial demand to include a statement regarding consent or non-consent to holding such a trial in the bankruptcy court.  *See* LBR 9015-2(b)(2).  This requirement, together with the requirement that other parties respond within 14 days with their own statements of consent or non-consent, provides a means to implement FRBP 9015(b).  The local rule effectively specifies the time and manner in which the parties may "jointly or separately [file] a statement of consent within any applicable time limits specified by local rule."  Fed. R. Bankr. P. 9015(b).  In this respect, the local rule is consistent with FRBP 9015(b), is not duplicative of it, and has no bearing on any Official Bankruptcy Forms.

12
13
14
15
16

The same may not be true of LBR 9015-2(d)—at least to the extent it is interpreted to invalidate a timely and otherwise proper jury trial demand because the demand does not include a statement of consent or non-consent.  Although not the only plausible interpretation, this is a fair interpretation of the language "failure of a party to file and serve a demand *in accordance with this rule*, and to file it as required by FRBP 5005, constitutes a waiver of trial by jury," LBR 9015-2(d)(1) (emphasis added).[2]  To the extent this language permits the Court to deny a party's Seventh Amendment jury trial right based on its failure to include a statement of consent or non-consent, the language appears to be inconsistent with FRCP 38 and FRBP 9015.[3]

17

18
19
20
21
22
23

---

[2] It is plausible that the "in accordance with this rule" language in LBR 9015-2(d)(1), deems a jury trial right waived only if a written jury demand is not timely filed in accordance with FRCP 38(b).  This interpretation of the rule is supported by the fact that LBR 9015-2(b)(1) specifically incorporates the requirements of FRCP 38(b).  It is further supported by the immediately following subsection of the local rule, which states:

> Notwithstanding the failure of a party to demand a jury when such a demand might have been made of right, the court on its own initiative may order a trial by jury of any or all issues.

24
25
26

LBR 9015-2(d)(2).  This subsection affirms the Court's authority to order a trial by jury when a party "fail[s] to demand a jury. . . ," but it makes no mention of the Court's authority to do so when the demanding party fails to include a statement regarding consent or non-consent.  If failure to include a statement regarding consent is tantamount to failure even to demand a jury, then the failure to include a statement regarding consent arguably would have been referenced here.

27
28

[3] FRBP 9015 contemplates that a bankruptcy court may establish a timeframe for parties to express their consent or lack of consent to the bankruptcy court conducting a jury trial, but this rule does not permit an otherwise timely and proper jury demand to be deemed waived because it does not contain such a statement.

1
2
3
4
5

The undersigned, however, does not need to reach a definitive interpretation of LBR 9015-2(d)(1), or determine whether the local rule is valid under that interpretation.  Even if it is assumed that LBR 9015-2(d)(1) renders a jury demand inoperative when the requesting party fails to include a statement regarding consent, and that LBR 9015-2(d)(1) is a valid local rule when interpreted in this manner, the Court will exercise its discretion, in the interests of justice, not to apply the rule here.  *See* LBR 1001-1(d) ("The court may waive the application of any Local Bankruptcy Rule in any case or proceeding, or make additional orders, as it deems appropriate, in the interest of justice.").

6
7
8
9
10

"Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver." *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981) (citations omitted).  In *Pradier*, the Ninth Circuit Court of Appeals found it was error for a district court to deem waived a party's right to a jury trial when the party (i) complied with the requirements of FRCP 38(b), but (ii) arguably did not comply with a local rule requiring a notation on the caption page indicating the assertion of a jury trial right. The court of appeals vacated the lower court's judgment and ordered a new trial by jury.

11
12
13
14

The Trustee argues that *Pradier* is distinguishable because the deficiency there was merely a notation in the caption.  The Trustee argues that CPA Inc.'s failure to include a statement of consent or non-consent in the Jury Demand is more substantial.  But the Court does not find these arguments persuasive.  As the case is here, the party demanding a jury trial in *Pradier* had complied with FRCP 38(b).  Similarly, the jury demand in *Pradier* was deemed waived because it did not comply with a requirement purportedly imposed by local rule.  This is precisely what the Court is being asked by the Trustee to do here.

15
16
17
18
19

The Court does not question that the statement of consent or non-consent required by LBR 9015-2(b)(2) serves a vital purpose.  The Court, however, concludes that failure to comply with this requirement should not result in a waiver of a party's jury trial right, when it has made a timely and otherwise proper demand under FRCP 38(b).  The Court believes that there are lesser remedies that may be imposed, short of denying a party its Seventh Amendment jury trial right.  The Court may conclude that the party demanding a jury trial has simply lost the opportunity to express its consent for a jury trial in the bankruptcy court.  Alternatively, the Court may order the party demanding a jury trial to file a pleading expressing its consent or non-consent to such a trial.

20

///

21
22
23
24
25
26
27
28

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, CPA Inc. has emphasized in its opposition to the Motion, and at oral argument, that it unequivocally consents to this Court conducting a jury trial in this proceeding.  Under these circumstances, the Court deems it appropriate to give the Trustee 14 days to file a statement expressing his consent or non-consent to a jury trial being held in this Court.  In so doing, the Court believes it will ameliorate the one and only form of prejudice identified by the Trustee in respect of CPA Inc.'s failure to include a statement regarding consent in the Jury Demand.  Where this remedy is available, the Court does not believe it is necessary or appropriate to invalidate the Seventh Amendment jury trial right asserted by CPA Inc.

### # # #

Date: May 7, 2018

_____
Martin R Barash
United States Bankruptcy Judge